**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EUGENIO BRITO, : | Civil Action No. 08-165 (JAG) |
| Petitioner, : |  |
| v. : | **OPINION** |
| U.S. DEPARTMENT OF : |  |
| HOMELAND SECURITY-ICE, : |  |
| et al., : |  |
| Respondents. : |  |

**APPEARANCES:**

    EUGENIO BRITO, Petitioner pro se
    SBI # 544744B
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

    Christopher J. Christie, United States Attorney
    Michael E. Campion, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondent, U.S. Dep't of Homeland Security-ICE

    Teresa A. Blair, Esq.
    Office of the New Jersey Attorney General
    P.O. Box 086
    Trenton, New Jersey 08625
    Counsel for Respondent, Lydell S. Sherrer

**GREENAWAY, JR., District Judge**

    Petitioner, Eugenio Brito ("Brito"), is a state prisoner serving out his state criminal sentence at the Northern State Prison in Newark, New Jersey ("NSP"). He brings this petition seeking the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2241, challenging a detainer lodged against him by the respondent, U.S. Department of Homeland Security-ICE ("DHS-ICE"). The named respondents also include petitioner's present custodian, Lydell S. Sherrer, Administrator at NSP.

On August 12, 2008, respondent, DHS-ICE submitted a response to the petition.[1] This Court has reviewed the written submissions of the parties, and for the reasons stated below, this Court will deny the petition.

## I.   BACKGROUND

On or about January 12, 2007, Brito was sentenced in a New Jersey state court for his conviction of attempted burglary. He is serving his sentence at NSP in Newark, New Jersey. His maximum release date from state custody is September 3, 2011. Brito becomes eligible for parole from his prison term on March 27, 2009.

On February 7, 2007, the DHS-ICE issued a detainer to the New Jersey Department of Corrections ("NJDOC") with respect to petitioner. In the detainer, the DHS-ICE advised the NJDOC that an investigation had been initiated to determine whether Brito was subject to removal from the United States. The detainer also

---

[1] Respondent Sherrer also answered the petition on August 7, 2008, observing that he had no real interest in the matter because petitioner was challenging his immigration detainer, not his New Jersey state convictions. Accordingly, Respondent Sherrer stated that he will rely upon the answer to be filed by the Respondent DHS-ICE. (Docket Entry No. 14.)

asks that the NJDOC notify DHS-ICE in advance of Brito's release from state custody.  The DHS-ICE issued the detainer to ensure that Brito would be turned over to DHS-ICE authorities upon completion of his state prison term.

On or about January 10, 2008, Brito filed this federal habeas petition under § 2241, challenging the detainer lodged against him by the DHS-ICE.  Brito asks this Court to cancel the detainer and release him from custody.  It would appear that Brito is under the assumption that the detainer operates to place him under the custody of the DHS-ICE even though he is still serving his state prison term and remains in state custody.

## II.  CLAIMS PRESENTED

In his petition, Brito argues that there is an Order of Supervision by the DHS-ICE, which seeks to enforce his removal.  (Petition, ¶¶ 12A & C.)  Brito claims that his removal is not foreseeable in the near future.  (Petition, ¶¶ 12A & B.)  He further contends that "repeated custodies for post-removal periods after one final order of removal and the subsequent post-removal period violates" petitioner's freedoms and liberty.  (Petition, ¶ 12B.)  Brito asserts that he is being held by the detainer issued by the DHS-ICE.  (Petition, ¶ 12C.)

The respondent, DHS-ICE, argues that petitioner is not "in custody" for purposes of 28 U.S.C. § 2241, simply because a

detainer has been lodged against him while he is serving a state prison term.

### III. ANALYSIS

This Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Brito is proceeding pro se in his application for habeas relief, this Court will accord his petition the liberal construction intended for pro se litigants.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States.[2] Maleng v. Cook, 490 U.S.

---

[2] In making a custody determination, a court looks to the date that the habeas petition was filed. See Carafas v.

488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2241(c). But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963). Thus, the "in custody" requirement is satisfied where an individual is subject to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint. See Obado, 328 F.3d at 717 (citations omitted).

In this vein, some federal courts have held that an alien who is not physically detained, but who is subject to a final order of removal, suffers sufficient restraint on his freedom to satisfy the custody requirement of § 2241. See, e.g., Ceballos de Leon v. Reno, 58 F. Supp. 2d 463, 469 n.14 (D.N.J. 1999). Alternatively, an alien who is confined pursuant to a criminal conviction, and who is subject to an immigration detainer which seeks mere notification in advance of release, may not satisfy the custody requirement. See Green v. Apker, 153 F. App'x 77, 79

---

LaVallee, 391 U.S. 234, 238-40 (1968); Chong v. District Director, I.N.S., 264 F3d 378, 382-83 (2001).

5

(3d Cir. 2005) ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated.")(citing Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003)).[3]

In the present case, there is no final order of removal against Brito. Instead, the detainer is simply advising the NJDOC that the DHS-ICE intends to take Brito into custody upon completion of his state sentence for purposes of determining whether he is subject to removal from the United States. Thus, at this time, Brito is in the custody of the NJDOC until he completes serving his state prison term. Brito is not "in custody" of the DHS-ICE pursuant to the detainer lodged against him. As such, there is no "in custody" jurisdiction for this Court to consider habeas relief under 28 U.S.C. § 2241(c)(3), or

---

[3] See also Molina v. Department of Homeland Security, 2008 WL 687064, *1 (D.N.J. March 7, 2008)(dismissing petition for lack of subject matter jurisdiction because petitioner was not in the custody of the DHS-ICE simply by virtue of a detainer lodged against him); Rubino v. United States Dep't of Homeland Security, 2008 WL 544666, *1 (D.N.J. Feb. 26, 2008)(holding that a "detainer requesting advance notice of a prisoner's release, without more, does not satisfy the 'in custody' requirement of § 2241"); Aguilor v. U.S. Dept. Of Homeland Security, 2006 WL 1469317 (D.N.J., May 24, 2006)(same).

6

to lift the immigration detainer lodged against petitioner Brito. Because Brito cannot satisfy the "in custody" requirement under § 2241, his petition must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the rationale set forth in this opinion, Brito's application seeking the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is dismissed for lack of subject matter jurisdiction.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:   August 25, 2008